UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JERRY RAY HAWKINS,** | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 20-CV-0121-CVE-JFJ |
| **KAMERON HARVANEK, Warden,**[1] | ) ) ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Jerry Hawkins, a state prisoner appearing pro se,[2] brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. CF-2011-1610. Hawkins raises two grounds for relief, asserting that his pleas of guilty and nolo contendere were not knowing and voluntary and that he received constitutionally ineffective assistance of counsel. Dkt. # 1, at 3-4. Respondent Kameron Harvanek has filed a response (Dkt. # 15) in opposition to the petition, as well as the state-court record (Dkt. # 16). Having considered the parties' arguments and the relevant record, the Court denies the petition.

---

[1] Hawkins presently is incarcerated at the Lexington Correctional Center (LCC), in Lexington, Oklahoma. The Court therefore substitutes the LCC's current warden, Kameron Harvanek, in place of Jeorld Braggs, as party respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The Clerk of Court shall note this substitution on the record.

[2] Because Hawkins appears without counsel, the Court must liberally construe his pleadings. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as an advocate on his behalf by crafting legal arguments or scouring the record for facts to support his claims. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

I.  BACKGROUND

Hawkins was convicted in the District Court of Tulsa County in 2013 on three counts of exhibiting obscene materials to a minor, one count of procuring child pornography, and two counts of lewd acts. Dkt. # 15-4, at 1-20. Hawkins entered a blind plea of <u>nolo contendere</u> to one count of lewd acts and a blind plea of guilty to all remaining counts. <u>Id.</u> The state district court imposed concurrent twenty-year terms of imprisonment on each count of lewd acts and exhibiting obscene materials to a minor, as well as a ten-year term of imprisonment, to be served consecutively, for procuring child pornography. <u>Id.</u>

Hawkins, through counsel, filed a timely motion to withdraw his pleas on January 11, 2013. <u>Id.</u>, at 21-23. The motion stated two grounds for relief:

> **ONE:** The Defendant states that due to his stress in the subject situation he was unable to make a free and voluntary decision to either accept the State's recommendation, plea "blind" or proceed to a jury trial.
>
> **TWO:** The Defendant states that due to the "sensitive" subject matter of the criminal charges against him; and, his embarrassment relating thereto, he was unable to make a free and voluntary decision to either accept the State's recommendation, plea "blind" or proceed to a jury trial.

<u>Id.</u>, at 22. The state district court conducted a hearing on the motion, at which Hawkins provided testimony. <u>See</u> Dkt. 15-3, at 16-26. The district court denied relief, and Hawkins sought a writ of certiorari in the Oklahoma Court of Criminal Appeals (OCCA). <u>See</u> Dkt. # 15-2. The OCCA affirmed Hawkins' conviction and sentence on July 25, 2019. <u>See</u> Dkt. # 15-1.

II.  GROUND ONE: KNOWING AND VOLUNTARY PLEAS

In his first ground for relief, Hawkins contends that his pleas were not "knowingly, intelligently, and voluntarily made because they were entered as the result of inadvertence, ignorance, misunderstanding, and misapprehension." Dkt. # 1, at 3. Hawkins raised this argument

2

in his petition for writ of certiorari. Dkt. # 15-2, at 12-18. The OCCA denied relief on procedural grounds:

> In his first proposition of error, Petitioner argues that his guilty pleas were not knowingly, intelligently, and voluntarily made, and therefore the District Court erred in not allowing Petitioner to withdraw his pleas. Petitioner contends his pleas were entered as a result of inadvertence, ignorance, mistake, and without deliberation as a result of unseemly haste because he was under the impression, relying on the advice of his attorney, that one of the six counts against him would be dismissed and the prosecution would recommend the term of years in a previously rejected offer. Petitioner urges that the stress of learning that counsel's advice was wrong resulted in him having "no time to process and consider what had transpired and his options[.]"
> Petitioner did not raise this claim in his motion to withdraw plea. Nor did he raise this claim during the hearing on his motion to withdraw. Petitioner has therefore waived this claim from appellate review by failing to raise it during the proceedings on his motion to withdraw plea and in the petition for writ of certiorari. Rules 4.2(B) and 4.3(C)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2019); Weeks v. State, 2015 OK CR 16, ¶¶ 27-29, 362 P.3d 650, 657. Proposition I is denied.

Dkt. # 15-1, at 3-4.

Harvanek raises the affirmative defense of procedural default, arguing that Hawkins' claim is procedurally barred from federal habeas review because the claim was defaulted in state court. Dkt. # 15, at 14-19. Under the doctrine of procedural default, federal courts are precluded from "consider[ing] issues on habeas review that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." McCracken v. Gibson, 268 F.3d 970, 976 (10th Cir. 2001) (internal quotation marks omitted). "To be independent, the procedural ground must be based solely on state law." Cole v. Trammell, 755 F.3d 1142, 1159 (10th Cir. 2014) (internal quotation marks omitted). To be adequate, a state procedural ground "must be strictly or regularly followed and applied evenhandedly to all similar claims." Id. (internal quotation marks omitted). Where, as here, the state has pleaded the affirmative defense of a state procedural bar, "the burden

3

to place that defense in issue shifts to the petitioner," who must, at a minimum, provide "specific allegations . . . as to the inadequacy of the state procedure." Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999).

Hawkins does not dispute the independence or adequacy of the state procedural ground on which the OCCA denied his claim. Having reviewed the state appellate rules and opinion cited by the OCCA as the grounds for denial, the Court finds no indication that they implicate federal law or that the OCCA's decision was otherwise based on federal law. Further, Harvanek provided argument and authority supporting a finding of independence and adequacy, and Hawkins failed to provide "specific allegations" concerning either. Hooks, 184 F.3d at 1217; see Dkt. # 15, at 16-17.

Thus, to overcome the procedural bar, Hawkins must demonstrate either "cause for the default and actual prejudice," or a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Hawkins has neither asserted cause[3] and prejudice excusing his procedural default nor provided argument suggesting that his claim must be reviewed on the merits to prevent a fundamental miscarriage of justice. See Spears v. Mullin, 343 F.3d 1215, 1252-53 (10th Cir. 2003) (finding claim procedurally barred where petitioner "[did] not address his alleged procedural

---

[3] Though Hawkins has raised a claim of ineffective assistance of counsel in relation to his request to withdraw his pleas, he does not expressly invoke counsel's alleged deficient performance as cause for the procedural default. Regardless, Hawkins' ineffective assistance of counsel arguments are either without merit or procedurally barred, as discussed herein, and therefore cannot serve as cause for purposes of overcoming procedural default. See infra, Section II; Sherrill v. Hargett, 184 F.3d 1172, 1176 (10th Cir. 1999); Edwards v. Carpenter, 529 U.S. 446, 453 (2000) ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

4

default" by challenging the state procedural rule's adequacy or alleging cause and prejudice or a fundamental miscarriage of justice).

Hawkins' sole argument relating to the procedural default is that the OCCA erred in its determination that he had failed to present the claim in his plea withdrawal motion. Dkt. # 1-1, at 12-13. "[A] federal habeas court," however, "does not have license to question a state court's finding of procedural default or to question whether the state court properly applied its own law." Fuller v. Pacheco, 531 F. App'x 864, 868 (10th Cir. 2013) (internal quotation marks omitted) (quoting Sharpe v. Bell, 593 F.3d 372, 377 (4th Cir. 2010)); see Finlayson v. State, 6 F.4th 1235, 1240 (10th Cir. 2021) (explaining that the Court "will not review the propriety of the state court's . . . application of its own procedural rule," because "a violation of state law, such as the misapplication of a state procedural rule, cannot justify habeas relief").

Accordingly, the Court finds that Hawkins' claim is procedurally barred from federal habeas review.

### III.   GROUND TWO: INEFFECTIVE ASSISTANCE OF COUNSEL

In his second ground for relief, Hawkins asserts that the state district court "erred in not appointing conflict-free counsel to represent [him] at the hearing on the motion to withdraw his guilty pleas," thereby depriving him of reasonably effective assistance of counsel in violation of the Sixth Amendment. Dkt. # 1, at 4. Hawkins claims that "in order to show his pleas were not entered knowingly and voluntarily, [he] would have been required to show that he did not receive competent representation in entering the pleas." Dkt. # 1-1, at 14-15. He claims that his counsel "knew of this and vehemently fought to defend himself rather than [Hawkins] during the withdrawal hearing." Id. (arguing that his counsel's "examination of [him at the hearing] was

5

oriented to protect counsel's interests rather than to establish the facts supporting [Hawkins'] motion to withdraw the guilty plea").

The OCCA reviewed Hawkins' claim and determined that it should be denied:

> The record flatly refutes Petitioner's assertion that an actual conflict of interest arose warranting plea counsel's withdrawal and the appointment of conflict counsel.  In the present case, Judge Caputo specifically examined Petitioner concerning the nature of his allegations and whether he was accusing plea counsel of some form of misconduct or incompetence.  Petitioner denied on the record that he was accusing plea counsel of deficient performance resulting in the inadvertent entry of the pleas.  Instead, Petitioner testified that it was his own "misunderstanding of the system, of the way things are written" that led to his desire to withdraw his pleas.
> Petitioner merely raises the possibility that a conflict of interest existed that warranted the appointment of conflict counsel.  This is wholly insufficient to warrant relief.  Under the total circumstances presented here, there was no error from the trial court's failure to appoint conflict counsel.  Rutan, 2009 OK CR 3, ¶ 67, 202 P.3d at 853.  Counsel was not ineffective based on the existence of an actual conflict of interest.  Proposition II is denied.

Dkt. # 15-1, at 5-6.

When a claim has been "adjudicated on the merits in State court proceedings," federal habeas relief may be granted only if the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

The Sixth Amendment right to reasonably effective assistance of counsel "includes the right to representation that is free from conflicts of interest." Gardner v. Galetka, 568 F.3d 862, 886 (10th Cir. 2009).  Claims of ineffective assistance of counsel are analyzed under the two-prong test established in Strickland v. Washington, 466 U.S. 668 (1984).  The petitioner must first demonstrate that counsel's performance was deficient, which requires a showing that the attorney's performance "fell below an objective standard of reasonableness." Id. at 687-88.  The petitioner

6

must then demonstrate that "the deficient performance prejudiced the defense." Id. at 688. Prejudice is presumed "if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" Id., at 692. To demonstrate an actual conflict of interest, however, the petitioner must show more than "a mere theoretical division of loyalties." United States v. Williamson, 859 F.3d 843, 852 (10th Cir. 2017) (internal quotation marks omitted). "In other words, an actual conflict exists when counsel is forced to make choices advancing other interests to the detriment of his client." Id. (alteration and internal quotation marks omitted); see Cuyler v. Sullivan, 446 U.S. 335, 350 (1980) ("[T]he possibility of conflict is insufficient to impugn a criminal conviction.").

    a. <u>Hawkins' Unexhausted Claim</u>

As an initial matter, Harvanek asserts that Hawkins has failed to exhaust certain arguments in relation to his claim. Specifically, Hawkins' federal petition contains the argument that the alleged conflict of interest is evidenced by counsel's failure to raise, and thereby preserve for appeal, certain issues in the plea withdrawal motion and hearing. Dkt. # 15, at 26-27; Dkt. # 1-1, at 16-18. Hawkins principally points to his counsel's failure to argue that Hawkins' sentence was excessive. Dkt. # 1-1, at 16-17. Though Hawkins did raise a claim in his petition for writ of certiorari that his sentence was excessive, he did so as a separate claim from his claim of ineffective assistance of counsel, and the OCCA denied the excessive sentence claim as waived. Dkt. # 15-1, at 6-7; Dkt. # 15-2, at 26-32. Harvanek argues that, because Hawkins did not challenge his counsel's effectiveness on this basis before the OCCA, the argument is unexhausted and subject to an anticipatory procedural bar. Dkt. # 15, at 26-27.

Exhaustion requires that "a federal habeas petitioner . . . provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional

7

claim." Anderson v. Harless, 459 U.S. 4, 6 (1982); see Fairchild v. Workman, 579 F.3d 1134, 1149 (10th Cir. 2009) ("A claim is more than a mere theory on which a court could grant relief; a claim must have a factual basis, and an adjudication of that claim requires an evaluation of that factual basis." (internal quotation marks omitted)). A petitioner can neither "assert entirely different arguments . . . from those raised before the state court," nor "'shift' the 'basis for [his or her] argument' away from what was previously raised in state court." Grant v. Royal, 886 F.3d 874, 891 (10th Cir. 2018) (internal quotation marks omitted). Further, "the assertion of a general claim before the state court is insufficient to exhaust a more specific claim asserted for habeas relief." Grant, 886 F.3d at 891.

The Court agrees with the respondent that Hawkins' conflict-of-interest claim predicated on counsel's alleged omission of issues is not the "substantial equivalent" of the claim raised in state court, which was premised more generally on counsel's alleged deficiencies in advocating the plea withdrawal motion. Grant, 886 F.3d at 891. To adjudicate a claim of ineffective assistance of counsel "for failure to raise an issue," the OCCA would have been required to "look to the merits of the omitted issue." See Hooks, 184 F.3d at 1206. Because Hawkins did not present claim omission as a factual predicate for his claim to the OCCA, the state court was prevented a fair opportunity to apply controlling legal principles to those facts. See Fairchild, 579 F.3d at 1149 (10th Cir. 2009) ("[A]t a certain point, when new evidence so changes the legal landscape that the state court's prior analysis no longer addresses the substance of the petitioner's claim, we must necessarily say that the new evidence effectively makes a new claim.").

Harvanek further argues that the unexhausted claim is subject to an anticipatory procedural bar, thus triggering Hawkins' burden to challenge the independence and adequacy of the state procedural bar with "specific allegations." Hooks, 184 F.3d at 1217. Harvanek points to

8

Oklahoma's procedural rule precluding claims in post-conviction appeals that could have been brought on direct appeal. Dkt. # 15, at 26. Hawkins has not provided specific allegations related to the rule's independence or adequacy, nor has he alleged cause and prejudice excusing the default or a fundamental miscarriage of justice necessitating this Court's review. See Grant, 886 F.3d at 901-02 & n.9 (applying anticipatory procedural bar where petitioner "[made] no arguments relating to the adequacy of Oklahoma's procedural default rule, much less mount[ed] a challenge to the propriety of applying it here").

For these reasons, the Court determines that it is precluded from considering Hawkins' claim of ineffective assistance of counsel predicated on counsel's failure to raise additional issues in the plea withdrawal motion or hearing. The Court therefore turns to Hawkins' ineffective assistance of counsel claim fairly presented to the OCCA.

b. Hawkins' Exhausted Claim

Hawkins claims, as he did before the OCCA, that his counsel's own interests at the plea withdrawal hearing were in opposition to his own, rendering counsel's representation constitutionally deficient. Dkt. # 15-2, at 19-20, 22. Hawkins reasons that, because his counsel also represented him during the plea process, it would be against counsel's own interests to argue that Hawkins' pleas were not entered knowingly and voluntarily. Dkt. # 1-1, at 14. Yet, Hawkins' argument is premised on the theory that he desired to challenge the adequacy of his counsel's representation in the plea process, a theory which is patently belied by the record.

The grounds on which Hawkins predicated his request to withdraw his pleas—stress and embarrassment—were wholly unrelated to attorney misconduct or error, and Hawkins expressly

9

refuted the suggestion at his motion hearing that his request to withdraw his pleas was attributable to deficient representation:

> THE COURT: Nowhere in either one of [the reasons stated in the motion to withdraw your pleas] do you suggest that Mr. Bedford has done something wrong or has not done something that he should have done. Are you alleging that any of this is in some way Mr. Bedford's undoing, that he didn't do something he should have done or did something he should not have done?
>
> MR. HAWKINS: To be honest with Your Honor, I think it was my misunderstanding of the system, of the way things are written. I think I screwed up.
>
> THE COURT: So my question to you then once again is, are you alleging that Mr. Bedford has done something that has caused this all to happen?
>
> MR. HAWKINS: No, sir.
>
> . . . .
>
> MR. HAWKINS: It wasn't anybody's fault but my own assessment of what I was being told.

Dkt. # 16-7, at 4-5, 9. Despite the opportunity, Hawkins did not impugn his counsel's conduct, provide argument indicating his counsel's own interests might be implicated, or otherwise allege any instances suggesting that counsel's representation was compromised. See Williamson, 859 F.3d at 852. Hawkins expressly denied on the record that he was coerced into entering his pleas. See Dkt. # 16-7, at 8. At most, Hawkins has presented a "merely theoretical division of loyalties." Williamson, 859 F.3d at 852 (internal quotation marks omitted).

Further, Hawkins has not demonstrated "prejudice flowing from the [alleged] conflict." Id. To demonstrate prejudice, Hawkins must show a "reasonable probability" that "but for" counsel's alleged deficiencies in representation at the hearing, "the result of the proceeding would have been different." Knowles v. Mirzayance, 556 U.S. 111, 127 (2009) (internal quotation marks omitted). Hawkins' counsel prepared and submitted Hawkins' motion to withdraw pleas, and the state

10

district judge thoroughly examined Hawkins as to the voluntary and knowing nature of his pleas in view of his allegations of stress and embarrassment set forth in the motion. The record reflects that the state district judge rejected Hawkins' arguments based on "the amount of time [Hawkins] had to consider [his pleas]" and the judge's own recollection of his discussion with Hawkins regarding the blind pleas on the date they were entered. Dkt. # 16-7, at 11-12. There is no indication, let alone a reasonable probability, that the result of the hearing would have been different if counsel had provided better advocacy in support of the motion. See Marusak v. Dowling, No. 19-CV-304-RAW-KEW, 2022 WL 5027163, at *10 (E.D. Okla. Sept. 30, 2022) (unpublished) (finding the OCCA reasonably applied the law in rejecting conflict-of-interest claim, where trial court's denial of plea withdrawal request was "not based on any conflict that adversely affected [counsel's] performance but, rather, on the trial court's recollection of the bench trial and plea hearing and [petitioner's] own testimony at the plea withdrawal hearing"); see also Harrington v. Richter, 562 U.S. 86, 105 (2011) ("The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (citations omitted)).

Accordingly, the Court determines that the OCCA's denial of Hawkins' claim of ineffective assistance of counsel, predicated on a theory of conflict of interest, was neither "contrary to" nor "an unreasonable application of" clearly established Federal law, nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

IV. CONCLUSION

Based on the foregoing, the Court denies Hawkins' petition for writ of habeas corpus (Dkt. # 1). Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District

Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court concludes that the requisite standards have not been met in this case and therefore declines to issue a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the Clerk of Court shall note on the record the substitution of Kameron Harvanek in place of Jeorld Braggs as party respondent;

2. the petition for writ of habeas corpus (Dkt. # 1) is **denied**;

3. a certificate of appealability is **denied**; and

4. a separate judgment shall be entered in this matter.

**DATED** this 27th day of January, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE